UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED JOINT VENTURE, A LIMITED PARTNERSHIP | ) ) ) | 4:10-CV-2534 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | JUDGE LESLEY WELLS (Mag. Judge Kenneth S. McHargh) |
| BRET A. LEWIS, REBECCA J. LEWIS, J. BRUCE JENNINGS, AND HOWARD D. ROSS, | ) ) ) ) | |
| Defendants. | ) | REPORT AND RECOMMENDATION |

McHARGH, MAG. J.

**Factual Background**

Plaintiff United Joint Venture ("United"), an Ohio company, filed a Creditor's bill in an attempt to collect a judgment amount granted by the Federal Court for the Western District of Michigan. The Judgment of the Michigan court involved 5 parties. Plaintiff United was the Defendant (Michigan defendant) in the original case. The Defendants here (Michigan plaintiffs) are: husband and wife Bret and Rebecca Lewis ("Lewises"), Bruce Jennings, and Howard Ross. Lewises and Ross are all Michigan residents. Jennings is a Florida resident.

The judgment of the Michigan court included an award for attorney's fees for the Plaintiffs (here Defendants) as a group in the amount of $218,674 and costs in the amount of $20,024.55. Money judgments were awarded in favor of all the parties in varying amounts. After netting the judgments awarded to the parties (excluding attorney's fees and costs) the Lewises are judgment creditors of United. Ross and Jennings are both judgment debtors of United.

Bret and Rebecca Lewis attempted to collect their judgment by filing a garnishment action in the Northern District of Ohio case No. 4:10-MC-00061. All Michigan Defendants were named as plaintiffs in the garnishment action based on their joint interest in the attorney fees and costs sought by the Lewises. During the discovery process in the garnishment case United issued a deposition duces tecum for Bret Lewis, Rebecca Lewis, Bruce Jennings, and Howard Ross. The court quashed the deposition duces tecum as to Jennings and Ross because the court lacked personal jurisdiction over them. *Lewis v. United Joint Venture*, 2010 WL 5230866 *4 (N.D. Ohio) (attached to Defendant's motion as Exhibit C) (Doc. #8-4).

In the present case Ross and the Jennings both move this Court to dismiss the action against them based on lack of personal jurisdiction. (Doc. # 8); (Doc. #9).[1]

**Argument of the parties**

Defendants Ross and Jennings argue that they are not subject to personal jurisdiction in Ohio because neither Defendant has ever had any connection to Ohio that is covered under the Ohio long-arm statute. (Doc. #8-1, at 4).

Plaintiff, on the other hand, contends that Ross and Jennings have conducted business in Ohio. (Doc. #13, at 4). The Ohio long-arm statute states "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state . . ." OHIO REV. CODE § 2307.382 (West 2011). Ohio courts hold that filling a foreign judgment in an Ohio court constitutes "transacting business" within the state. *Hall v. Tucker*, 161 Ohio App. 3d 245, 256-57, 829 N.E.2d 1259, 1267 (Ohio Ct. App. 2005). Ross, Jennings, and the Lewises all have a joint interest in the attorney fees awarded to them by the Western District of Michigan court. Based on this joint

---

[1] Both Defendants Ross and Jennings made motions to dismiss for lack of personal jurisdiction. The motions are identical other than the name of the Defendant. All Docket citations will refer to defendant Ross's motion.

interest, the Lewises were acting as the agents of both Ross and Jennings when they filed the Michigan judgment in the Northern District of Ohio.

In the alterative Plaintiff argues that Jennings and Ross have consented to jurisdiction in Ohio by filing a garnishment action within the state. This argument has already been rejected by Judge Gwin and does not need to be recreated. *See Lewis v. United Joint Venture*, 2010 WL 5230866 *3 (N.D. Ohio) (attached to defendants motion as Exhibit C) (Doc. # 8-4).

**Standard of Review**

The burden of establishing personal jurisdiction lies with the party seeking to invoke the court's jurisdiction. *Air Productions and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir 2007). The Plaintiff must make a prima facie showing of personal jurisdiction to withstand a motion to dismiss. *Compuserve, Inc. v Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). The Court must consider the pleadings and affidavits in the light most favorable to the plaintiff, when the motion is ruled upon without a hearing. *Intera Corp. v. Henderson,* 428 F.3d 605, 614 (6th Cir. 2005).

**Discussion**

A court may exercise personal jurisdiction over an out-of-state defendant when the defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "Depending on the type of minimum contacts in a case, personal jurisdiction can either be specific or general." *Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d 1110, 1116 (6th Cir.1994).* General personal jurisdiction requires a continuous and substantial presence in the forum state by the defendant. *Int'l Shoe Co.*, 326 U.S. at 317-18. In this case the only contact alleged by the Plaintiff is the

filing of a foreign judgment in the forum state.  Therefore, only specific personal jurisdiction is alleged in this case.

Personal jurisdiction may only be exercised in this case if (1) the defendant falls within the reach of the state long-arm statute of the state in which the federal court is located and (2) the principals of due process under the United States Constitution are not violated by the exercise of personal jurisdiction. *Aristech Chemical Int'l Ltd. V. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). These two inquiries must be kept distinct because the Supreme Court of Ohio has held that the Ohio long-arm statute does not extend to the limits of due process. *See Goldstien v. Christiansen*, 70 Ohio St. 3d 232, 237, 638 N.E.2d 541, 545 (Ohio 1994).

### I. Ohio Long-Arm Statue

The Ohio long-arm statute states "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state . . ." OHIO REV. CODE § 2307.382 (West 2011). The Supreme Court of Ohio notes that generalizations about what constitutes the conducting of business are "unwarranted" because the questions of personal jurisdiction are highly fact specific. *Joffe v. Cable Tech, Inc.*, 163 Ohio App. 3d 479, 488, 839 N.E.2d 67, 73 (Ohio Ct. App. 2005) (citing *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K Foods, Inc.*, 68 Ohio St. 3d 181, 185, 624 N.E.2d 1048, 1052 (Ohio 1999)). "With no better guideline than the bare wording of the statute to establish whether a nonresident is transacting business in Ohio, the court must, therefore, rely on a case-by-case determination." *Id*. (quoting *U.S. Sprint*, at 185, 624 N.E.2d at 1052).

Plaintiff points to the case of *Hall v. Tucker* in which the Ohio Appellate Court held that "[b]ased upon the Ohio Supreme Court's broad interpretation of the phrase 'transacting any

business' in Ohio's long-arm statute, we conclude that Tucker's actions, both in purchasing [the horse] in Ohio and in using the Jackson County Court of Common Pleas to enforce the New Jersey judgment, satisfy the requirements of R.C. 2307.382(A) and Civ.R. 4.3(A)(1)." *Hall v. Tucker*, 161 Ohio App. 3d 245, 256-57, 829 N.E.2d 1259, 1267 (Ohio Ct. App. 2005). In this case, the Lewises used the Federal Court for the Northern District of Ohio to file a foreign judgment. Assuming the filing of this foreign judgment constitutes 'conducting business' in this case, Plaintiff still must connect the action taken by the Lewises with Defendants Ross and Jennings.  In other words, Plaintiff must allege facts sufficient to establish that the Lewises were acting as the agents of Ross and Jennings.

   **A. Agency by Esoppel**:

     Plaintiff does not allege that there was any actual authority granted from Ross to the Lewises or from Jennings to the Lewises.  The Plaintiff relies on the doctrine of apparent authority or agency by estoppel to connect the Lewises' actions to Ross and Jennings. Agency by estoppel is the equivalent of apparent authority and is based upon the same elements. *Logsdon v. Main-Nottingham Investment Co*., 103 Ohio App. 233, 242, 141 N.E.2d 216, 223 (Ohio Ct. App. 1956). Generally, "Apparent authority is the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." RESTATEMENT (THIRD) OF AGENCY § 2.03. "In order to establish an agency relationship based on apparent authority, the evidence must affirmatively show (1) the alleged principal held the alleged agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) the person dealing with the agent knew of the facts and acting in good faith had reason to believe

and did believe that the agent possessed the necessary authority." *Dickinson v. Charter Oaks Tree & Landscaping Co.*, 10th Dist. No. 02AP-981, 2003 – Ohio – 2055, ¶25. "Where third persons rely in good faith on the agent's apparent authority, the principal is bound by the agent's acts falling within the scope of that authority." *Id*. "The rationale behind agency by estoppel is that when a third party relies in good faith upon the representations of authority or the acts of another, the principal should be bound by the representations and acts of that third party; the principal has clothed him with the appearance of authority or he has knowingly permitted him to act as though he has such authority." *Penfold v. Romano*, No. 96-CO-61, 1998 WL 886958, *9-10 (Ohio Ct. App. Dec. 8, 1998) (internal citations omitted).

Plaintiff's Complaint fails to allege facts sufficient to establish the basic elements of agency by estoppel. Plaintiff does not allege any conduct or action by Ross or Jennings. Instead, Plaintiff asserts that Ross and Jennings knowingly permitted the Lewises to act as though they had authority to bind Ross and Jennings. Plaintiff suggests that this knowledge should be inferred from the fact that Ross and Jennings have made no effort to intervene in the Lewises garnishment action. (Doc. #13, pg 6). Plaintiff states "Defendant Ross [and Jennings] continue to assent to and accept the representation of the Lewis Defendants in an effort to collect their mutual asset to pay off their mutual debt . . ." *Id*. Plaintiff assumes by making this argument that Ross and Jennings were required to assent to any action taken to collect the attorney's fees owed by United. This assumption, however, is contradicted by the order of Judge Robert J. Jonker submitted as Plaintiff's Exhibit A. This order states in pertinent part:

> "The Court accepts the determination . . . that *any Plaintiff may enforce the full amount of the award of attorney's fees and costs*; the necessary implication of this is that the award is the joint property of the Plaintiffs as a group. Accordingly, no

      one Plaintiff may at this time exercise a right of setoff that invokes any share of these amounts, or that otherwise comprises or waive the rights of the Plaintiffs as a group." (Doc. #13-1, pg 5) (Emphasis added).

The order explicitly allows any single Plaintiff to enforce the full amount of the attorney's fee award. The only restriction is in regard to setoff. In simple terms, the order does not allow a judgment debtor to use the attorney's fee awarded to minimize his own debt and leave the other parties to pay the attorney's fees out of pocket. Nowhere does the order require the Lewises, Ross, and Jennings to act as a group to collect the attorney's fees owed to them by United. Plaintiff's inference is unwarranted because Ross and Jennings were not required to assent to the actions taken by the Lewises. Plaintiff points to no other acts suggesting an agency relationship. Therefore, Plaintiff has fails to allege sufficient facts demonstrating that Ross or Jennings have taken any action creating the impression that any agency relationship existed.

      Assuming, arguendo, that Ross or Jennings had made sufficient manifestations giving rise to the appearance of an agency relationship, United still failed to allege another basic element of agency by estoppel. As stated above, the Plaintiff must allege that it relied on the representation of an agency relationship and that reliance caused some harm to the Plaintiff. This induced reliance is a necessary element of an agency by estoppel claim. *Funk v. Hancock,* 26 Ohio App. 3d 107, 110, 498 N.E.2d 490, 494 (Ohio Ct. App. 1985) (citing *Cooper v. Sisters of Charity*, 27 Ohio St. 2d 242, 272 N.E.2d 97 (Ohio 1971)). The doctrine is typically invoked in "cases where credit has been extended, action has been induced, delay has been obtained, or some other change in position has occurred, in reliance upon the appearance of authority." *Logsdon v. Main-Nottingham Investment Co.*, 103 Ohio App. 233, 243, 141 N.E.2d 216, 223 (Ohio Ct. App. 1956) (quoting *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 590-91, 49

N.E.2d 925, 928 (Ohio 1943)). The Plaintiff has not asserted any change in position or detriment caused by its reliance on the alleged agent-principal relationship between Lewis and the other Defendants. In fact, Plaintiff never asserts that it relied on the appearance of an agency relationship for any purpose other than claiming that this Court has personal jurisdiction over the Defendants.

Without the existence of the agency relationship, Plaintiff cannot claim that Ross and Jennings have conducted any business in Ohio that would subject them to personal jurisdiction. Ross and Jennings have no other connections to Ohio that, based on the Ohio long-arm statute, would allow the court to exercise personal jurisdiction over them.

## II. 14th Amendment Due Process

Even if Ross and Jennings were subject to personal jurisdiction under the Ohio long-arm statute, the principles of due process create a barrier to the exercise of personal jurisdiction. The Sixth Circuit uses a three part test to determine whether exercising jurisdiction over a defendant is in accord with 14th Amendment principles. "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). These "three criteria . . . must be met before such jurisdiction may be exercised." *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299 (6th Cir. 1989).

**A. Have Ross or Jennings purposefully availed themselves to the forum state of Ohio?**

When applying the purposeful availment element the court examines the defendants conduct in connection with the forum state and determines if that conduct creates a relationship that invokes the "benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The purposeful availment element is the essential element in the due process analysis. *Id.* "This purposeful availment requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 774 (1984)).

The *Hanson* case, cited above, arose in the context of probating an estate. The plaintiff was the decedent's beneficiary under the will. The decedent had created a trust while living in Pennsylvania naming a Delaware trust company as the trustee. The decedent later moved to Florida before she passed away. After a series of state court decisions in both Delaware and Florida, the Supreme Court granted certiorari to determine if the Florida courts could exercise jurisdiction over the Delaware company. The court pointed out that "this action involves the validity of an agreement that was entered without any connection with the forum State. The agreement was executed in Delaware by a trust company incorporated in that State and a settlor domiciled in Pennsylvania. The first relationship Florida had to the agreement was years later when the settlor became domiciled there, and the trustee remitted the trust income to her in that State." *Hanson,* 375 U.S. at 252. The Supreme Court went on to state stated that:

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's

activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson, 357 U.S. at 253 (holding the Florida court could not exercise personal jurisdiction over the out of state defendant).

Like the plaintiff in *Hanson*, United asserts that personal jurisdiction over Ross and Jennings is proper based on unilateral action taken by a third party. In *Hanson*, there was a contractual relationship requiring the out of state defendant to send money to the decedent who moved to Florida. Hanson, 375 U.S. at 252. In this case Plaintiff does not even allege a contractual relationship between Ross, Jennings, and the Lewises. There is no obligation upon Ross or Jennings to take any action that would involve a connection with Ohio. Plaintiff does not allege that Ross or Jennings approved of the Lewises' garnishment action. Plaintiff never alleges that Ross or Jennings was involved in any way with the Lewises' garnishment action, other than having an interest in the joint award of attorney fees and costs. In the garnishment action filed by the Lewises, Judge Gwin of the Northern District of Ohio stated "Jennings and Ross have not participated in this action in any way." Lewis v. United Joint Venture, 2010 WL 5230866 (N.D. Ohio) (attached to defendants motion as Exhibit C) (Doc. #8-4). The connections with the forum state asserted by Plaintiff here are even more attenuated than the connections asserted in *Hanson*.

The Based on the Complaint and exhibits, Plaintiff has failed to plead sufficient facts that demonstrate the defendants have purposefully availed themselves to the jurisdiction of the Ohio courts. Analysis of the second and third prongs of the *Southern Machine* test are unnecessary because Plaintiff has failed to establish the purposeful availment prong of the test.

**Conclusion**

The motions to dismiss for lack of personal jurisdiction should be granted for both Ross and Jennings. (Doc. #9); (Doc. #8). United has not plead facts that establish a prima facie showing that personal jurisdiction may be exercised over the defendants. The Complaint fails to establish that Ross and Jennings are subject to jurisdiction under the Ohio long-arm statue. The Complaint also fails to plead any purposeful or intentional acts by Ross or Jennings that would allow this Court to find they purposefully availed themselves to the jurisdiction of the Court.

RECOMMENDATION

Defendants J. Bruce Jennings and Howard D. Ross motions to dismiss for lack of personal jurisdiction (Doc. #9); (Doc. #8) should be granted.

Date: Sep. 29, 2011        /s/ Kenneth S. McHargh
       Kenneth S. McHargh
       Unites States Magistrate Judge

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).