IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------
UNITED JOINT VENTURE, A LIMITED : CASE NO. 4:10 CV 02534-LW
PARTNERSHIP :
: MEMORANDUM OF OPINION AND
       Plaintiff, : <u>ORDER ADOPTING THE</u>
: <u>MAGISTRATE JUDGE'S REPORT</u>
   vs. : <u>AND RECOMMENDATION AND</u>
: <u>GRANTING THE DEFENDANTS'</u>
BRET A LEWIS, REBECCA J. LEWIS, J. : <u>MOTIONS</u>
BRUCE JENNINGS, AND HOWARD D. :
ROSS, :
:
       Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The plaintiff United Joint Venture, A Limited Partnership ("United") filed a creditor's bill against defendants Bret A. Lewis and Rebecca J Lewis ("the Lewises"), J. Bruce Jennings, and Howard D. Ross. United claims it is owed a money judgment recovered in United States District Court for the Western District of Michigan, Case No. 1:07-CV-639 ("the Michigan Case"). The Lewises filed a motion for summary judgment, and contend they do not owe United anything, because they are its judgment creditors. (Doc. 7). Mr. Jennings and Mr. Ross each filed a motion to dismiss, arguing that they are not subject to personal jurisdiction in Ohio. (Doc. 8, 9).

The Court referred this matter to United States Magistrate Judge Kenneth S. McHargh for report and recommendation ("R&R") on the pending motions. On 29 September 2011, the magistrate judge issued two R&Rs, one addressing the motion

for summary judgment (Doc. 18), and another addressing the issue of personal jurisdiction over Mr. Jennings and Mr. Ross (Doc. 19). The magistrate judge recommended that the defendants' motions be granted. (Doc. 17, 18, 19).

This matter is now before the Court on United's objections to the two R&Rs and the Lewises' and Mr. Jennings's and Mr. Ross's responses. (Doc. 20, 21, 23, 24). Pursuant to 28 U.S.C. § 636(C), this Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." For the reasons that follow, the Court concludes that United's objections are without merit. The magistrate judge's recommendations will be adopted, and the defendants' motions granted.

## I. Discussion

This matter relates to a judgment out of the Western District of Michigan. There, the Lewises, Mr. Jennings, and Mr. Ross were the plaintiffs (collectively, "the Michigan plaintiffs"), and United was the defendant. The Michigan court awarded compensatory and punitive damages to each Michigan plaintiff, and compensatory damages to United. When the awards are netted out, the Lewises are judgment creditors of United; Mr. Jennings and Mr. Ross are both judgment debtors of United, and, overall, United is the net judgment creditor.[1] In addition, there was a separate award of $218,674.00 in fees and $20,024.55 in costs to the Michigan plaintiffs.

---

[1] From United, Bret Lewis recovered $150,000; Rebecca J Lewis $125,000; J. Bruce Jennings $125,000; and Howard D. Ross $125,000. In addition, the court awarded the Michigan plaintiffs fees and costs totaling $238,698.55.

United recovered $256,797.29 from Bret A. Lewis and Rebecca J. Lewis; $255,367.29 from J. Bruce Jennings; and $306,726.14 from Howard D. Ross.

2

The Lewises then filed a garnishment action in the Northern District of Ohio before the Honorable James S. Gwin. United thereafter paid the Lewises approximately $18,000, in order to settle their net compensatory and punitive damage award, but it did not pay the Lewises fees and costs. United argued before Judge Gwin that as net judgment creditor, it was entitled to use the joint award of fees and costs as a credit toward the amounts Mr. Jennings and Mr. Ross owed it. Judge Gwin disagreed, concluding that the Lewises "are entitled to collect the award of attorney's fees and costs." Lewis v. United Joint Venture, No. 4:10-mc-00061-JG (N.D. Ohio Nov. 1, 2010) (Doc. 48 at 2). He stated that "the judgments entered against [the Michigan plaintiffs] are individual in nature and that the award of attorney's fees and costs is collectible by any of [them]." Id. Judge Gwin accordingly granted the Lewises' motions for garnishment and a writ of execution. After United posted bond, the matter was stayed, and it is currently on appeal before the Sixth Circuit.

Then, the Michigan court issued an order ("the Michigan order") stating that it accepted Judge Gwin's determination that "any Plaintiff may enforce the full amount of the award of attorney's fees and costs." (Doc. 23-4 at 6). The court also noted that "no one Plaintiff may at this time exercise a right to setoff that invokes any share of [the award of fees and costs], or that otherwise compromises or waives the rights of the Plaintiffs a group." (Doc. 23-4 at 6). As explained in the R&R, what this means is

---

When all the awards are netted, United comes out the overall winner by $55,200.07. As to the Lewises, United was a net loser by $18,202.71, not including fees and costs. As to Mr.Ross, United came out ahead by $181,726.14, not including fees and costs. And as to Mr. Jennings, United came out ahead by $130,367.29, not including fees and costs. See Lewis v. United Joint Venture, 2010 WL 5230866, at *1 (N.D.Ohio Nov. 1, 2010).

3

that a judgment debtor may not use "the award of attorney's fees owed to the group to setoff any debt that he might have individually." (Doc. 18 at 4).

### A. *The Lewises' Motion for Summary Judgment*

In the first R&R, the magistrate judge reasoned that the above-quoted language from the Michigan order, although directed at the Michigan plaintiffs, should apply with equal force to United. The R&R accordingly rejected United's argument that because it came out ahead overall, it should be able to collect on the award of fees and costs as a set off to Mr. Jennings's and Mr. Ross's individual obligations. The magistrate judge also stated that based on the plain language of the judgment the Lewises owe United nothing. Lastly, the magistrate judge noted that United made an identical argument before Judge Gwin, who rejected it. (See Doc. 18).

United now objects on the ground that the magistrate judge erred when he applied the language from the Michigan order as a limitation on United. This objection is without merit, because it is well settled that the principles of setoff apply only where obligations are mutual. See, e.g., Joshi v. Professional Health Services, Inc.,1989 WL 54775, at *1 (D.C. Cir. 1989) ("It is well settled that cross obligations between the parties are a necessary predicate to any setoff"); Bulasky v. Federal Deposit Ins. Corp., 442 F.2d 341 (9th Cir.1971) (for setoff to be proper "the debts must be due and owing to and from the same persons in the same capacities"). Nothing in the Michigan order can be interpreted to contradict this rule. Therefore, the magistrate judge correctly concluded that United is not allowed to set off its obligation to pay

4

fees to the Michigan plaintiffs because Mr. Jennings and Mr. Ross individually owe it money.

United also maintains that because Mr. Jennings, who is now in bankruptcy, reported the fee and cost award as an asset on his bankruptcy schedules, the legal landscape has somehow shifted in its favor. United does not explain how the details of Jennings's bankruptcy could possibly impact United's rights of recovery as to the Lewises, who owe it nothing. This argument is therefore rejected.

Finally, while it does not explicitly say so, United appears to be asking this Court to overrule a final judgment issued by another district judge, in a case presently on appeal. If the Court were to accept United's arguments, the result would be in conflict with Judge Gwin's conclusion that United cannot use the fee award as a credit toward Jennings's and Ross's obligations to it. This issue has already been litigated in the first instance, and this matter will not proceed further. The Lewises' motion for summary judgment will be granted.

*B. Mr. Jennings's and Mr. Ross's Motions to Dismiss*

Next comes the question of personal jurisdiction over Mr. Jennings and Mr. Ross. When faced with a motion to dismiss, it is the plaintiff's burden to make a prima facie showing of personal jurisdiction. Compuserve, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996). United's sole basis for arguing that Mr. Jennings and Mr. Ross are amenable to suit in Ohio is that the Lewises were acting as their agents when the Lewises filed the garnishment action. The magistrate judge thoroughly considered this argument and concluded that they were not. (See Doc. 19).

5

United objects however, first on the ground that the magistrate judge improperly applied the standard for deciding a 12(b)(2) motion to dismiss. This objection is without merit because the magistrate judge properly considered the pleadings and exhibits in a light most favorable to United, and correctly concluded that no basis for personal jurisdiction exists.

United also contends that the magistrate judge erred by failing to recognize the existence of facts showing that the Lewises were acting as agents of Jennings and Ross when the Lewises filed the garnishment action. United argues that because Jennings and Ross did not intervene in the garnishment action, it should be inferred that they were knowingly permitting the Lewises to act on their behalf to collect the fee award. The magistrate judge thoroughly, and correctly, considered this contention, and the Court adopts his reasons for refuting it.

United next attempts to shift its burden to Mr. Jennings and Mr. Ross. It argues that because neither defendant has averred that the Lewises were not acting as their agents, agency should be assumed. This argument is without merit because the onus is on United to make a prima facie case for personal jurisdiction. United cites no authority requiring Mr. Jennings and Mr. Ross to disclaim a purported agency relationship between them and the Lewises.

Finally, United points out that Mr. Jennings, who is now in bankruptcy, reported the fee award as an asset on his bankruptcy schedules. From this, United asks the Court to infer a representation by Mr. Jennings that the Lewises have the authority to act on his behalf. In this Court's view, this does not amount to an affirmative showing that Mr. Jennings was holding out the Lewises as possessing the

authority to act on his behalf. It is clear from both Judge Gwin's ruling and the Michigan order that the Lewises were entitled to collect on the fee award, without the participation of the other Michigan plaintiffs. United's belief that the Lewises were acting on Mr. Jennings's behalf is simply not traceable to anything contained in Mr. Jennings's bankruptcy schedules.

## II. Conclusion

For the reasons stated above, the Court concludes that United's objections are meritless. The magistrate judge's recommendations are adopted. The defendants' motions are granted (resolving Doc. 7, 8, & 9).

IT IS SO ORDERED.

> /s/ Lesley Wells
> UNITED STATES DISTRICT JUDGE

Date:  18 January 2012

7